IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

The United States of America,
Relator DOUGLAS B. BENNETT,

    Plaintiff,

  v.

FRED MONEM, Food Service
Administrator for Oregon
Department of Corrections,

    Defendant.

Civil No. 05-6319-BR

ORDER TO DISMISS

BROWN, Judge.

Plaintiff, an inmate at the Two Rivers Correctional Institution, brings this civil action for false claims pursuant to 31 U.S.C. § 3729 *et seq*. Pursuant to an order entered by the court this date, plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2).

1 - ORDER TO DISMISS -

**BACKGROUND**

Plaintiff alleges that Defendant, the Food Service Administrator for the Oregon Department of Corrections ("ODOC"), caused expired, spoiled, and otherwise unfit food to be served at ODOC institutions. Plaintiff alleges Defendant thereby violated the False Claims Act ("FCA"), because Plaintiff "assum[es] [the] Oregon penal system still receives federal financial assistance as it did in 1994." In support of his claim, Plaintiff relies upon several affidavits filed in another case, <u>Bennett v. Misner</u>, CV 02-1662-HA.

**STANDARDS**

Where a prisoner proceeding *in forma pauperis* files an action seeking redress from a governmental entity or officer or employee of a governmental entity, the court shall dismiss the case at any time if the court determines that:

(B) the action . . .

    (i) is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2) and 1915A(b).

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under

2 - ORDER TO DISMISS -

any set of facts that could be proved consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Tanner, 879 F.2d at 576.

In civil cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992), overruled on other grounds by WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1998); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

The FCA imposes civil monetary penalties for the submissions of false claims to the federal government. To state a claim under the FCA, a relator must allege the defendant submitted a claim for payment from the government, that the claim was false or fraudulent, and that the defendant knew the claim was false or fraudulent. See 31 U.S.C. § 3729(a).

The injury suffered by the United States under the FCA is "the difference between what the government actually paid and the amount it would have paid in the absence of the fraudulent claim." Horizon West Inc. v. St. Paul Fire and Marine Ins. Co., 214 F.Supp.2d 1074, 1077 (E.D. Cal. 2002) (quoting United States ex rel. Woodard v. Country View Care Center, Inc., 797 F.2d 888, 893 (10th Cir. 1986)). Liability under the FCA is based solely upon the creation or presentation of false claims to the government, not upon the underlying conduct used to establish the falsity of such a claim. See 31 U.S.C. § 3729(a); United States ex rel. Hopper v. Anton, 91 F.3d 1261, 1266 (9th Cir. 1996), cert. denied, 519 U.S. 1115 (1997).

Plaintiff fails to allege Defendant knowingly submitted a fraudulent claim for payment from the United States Government. Moreover, the underlying facts upon which Plaintiff bases his claim were the subject of a prior civil rights lawsuit, in which

summary judgment was granted against Plaintiff on allegations of constitutional violations. Plaintiff's attempt to relitigate those facts in this action is without merit. Because Plaintiff fails to state a claim upon which relief may be granted under the FCA, his complaint must be dismissed.

**CONCLUSION**

Based on the foregoing, IT IS ORDERED that plaintiff's complaint is DISMISSED for failure to state a claim. Plaintiff may file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an amended complaint shall result in the dismissal of this proceeding, with prejudice. In lieu of an amended complaint, plaintiff may move to voluntarily dismiss this action, without prejudice.[1]

IT IS SO ORDERED.

DATED this __18th__ day of November, 2005.

                                   /s/ Anna J. Brown
                                   ANNA J. BROWN
                                   United States District Judge

---

[1] Plaintiff is advised that under the Prison Litigation Reform Act, a prisoner is prohibited from proceeding in a civil action without full payment of the filing fee if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action in a court of the United States that was dismissed as frivolous or for failure to state a claim unless the prisoner is under imminent danger of serious physical harm. 28 U.S.C. § 1915(g).